WILL OF DOBSON: DOBSON (Harold) and another, Contestants and Appellants, vs. DOBSON (Margaret) and another, Proponents and Respondents.*

*February 7—March 6, 1951.*

* Motion for rehearing denied, with $25 costs, on June 15, 1951.

*Richard R. Rynders* of Madison, for the appellants.

For the respondents there was a brief by *Jones & Hamilton* of Dodgeville, and oral argument by *Frank·D. Hamilton*.

GEHL, J.   No serious claim is made that Joseph Dobson lacked testamentary capacity. The will was attacked principally upon the ground that it was the result of undue influence exercised upon the testator by his son, Milburn Dobson. The contestants rely heavily upon the fact that the will gives Milburn the bulk of the residue of his estate. We might, without great difficulty, conclude that in equity the instrument provides an unjust distribution of the estate. However, we may not consider it in the light of what we may deem just or unjust. If it was made by Joseph Dobson with full testamentary capacity, expresses his desires, and is

not the result of undue influence, it is our duty to give it effect. That it does not divide the estate equally between the natural objects of testator's bounty is not controlling. *Will of Schaefer* (1932), 207 Wis. 404, 241 N. W. 382.

"The ultimate facts necessary to be proven in order to establish undue influence have been frequently stated. We shall state them briefly without comment or citation of authority as it facilitates the discussion of the issues. (1) A person unquestionably subject to undue influence. (2) Opportunity to exercise such influence and effect the wrongful purpose. (3) A disposition to influence unduly for the purpose of procuring improper favor. (4) A result clearly appearing to be the effect of the supposed influence." *Will of Faulks* (1945), 246 Wis. 319, 361, 17 N. W. (2d) 423.

Undue influence in the execution of a will must be established by clear, convincing, and satisfactory evidence. *Will of Grosse* (1932), 208 Wis. 473, 243 N. W. 465. The trial court found that the proof offered by contestants did not meet this requirement. We may not disturb the finding unless it is against the great weight and clear preponderance of the evidence. *Will of Schaefer, supra.*

The trial judge might properly have suspected that three of the elements necessary to establish undue influence existed in this case.

Milburn's almost constant association with his father during a number of weeks preceding the execution of the will afforded him ample opportunity to exercise influence.

His disposition to influence may be suspected from his participation in his father's effort to settle accounts with Harold, regarding which there does not seem to have been any difficulty prior to Harold's arrival upon the scene after an absence of a number of years; by his presence with his father when conferences with the attorney regarding the will were had, although he was not actually in the same room with them when the terms of the will were discussed; by the fact that he arranged these conferences; by the fact that on

at least one occasion he discussed with his father the provisions of a proposed will; by the fact that he obtained from an attorney a previous will which his father had executed and discussed with this attorney the matter of an "equitable distribution" of his father's estate; and by other circumstances which we do not consider it necessary to recite.

The result might also have appeared to the trial court to have indicated that the will was produced by Milburn's influence. Milburn, who showed no more interest in his father's welfare than did his brothers until during the last few months of his father's life, was given the major portion of the estate.

These circumstances might tend to support the conclusion that three of the necessary elements have been established. But the trial court did not so determine and, as we have pointed out, we may not disturb that conclusion unless it is against the great weight and clear preponderance of the evidence. Appellants have not met that burden.

"But in order to set aside the will of a person of sound mind, it is not sufficient to show that the circumstances attending its execution are consistent with the hypothesis of its having been obtained by undue influence. It must be shown that they are inconsistent with the contrary hypothesis." *Armstrong v. Armstrong* (1885), 63 Wis. 162, 172, 23 N. W. 407.

The real weakness of the contestants' case lies in the fact that they failed to show that Joseph Dobson was unquestionably subject to influence when he executed the will. He may be urged, he may even be convinced by argument and persuasion to dispose of his estate in a manner suggested by a person standing in close relation to him, but if the instrument expresses his wish, he has testamentary capacity and is not at the time unquestionably susceptible to undue influence, effect must be given to his expressed desires. *Will of Ball* (1913), 153 Wis. 27, 141 N. W. 8.

We are unable to say that the trial judge was wrong in his conclusion that Joseph Dobson was not unquestionably

susceptible to undue influence. True, he was seventy-seven years of age, in ill-health and required to take morphine to alleviate his pain. But the attorney who drafted the instrument testified that in his opinion he was not subject to influence, that he did not believe that anyone could influence him, that he was very emphatic about the matters pertaining to the will, and that Dobson gave him a rational statement of his assets and their respective values. A witness to the execution of the will testified that he did not seem to be under the influence of anyone. His widow testified that he was strong mentally. Viola Carlson, a niece of testator, called as a witness by the contestants, testified that in September, 1949, Dobson's mental condition was all right; that he was absolutely normal and talked rationally; that he was a strong-willed man and difficult to influence—that he had a mind of his own. Dr. Marshall, called by contestants, testified that he attended the deceased; that he was in considerable pain and that morphine was prescribed. He was not asked by counsel for contestants as to his mental condition or his susceptibility to influence but on cross-examination testified that he was strong-willed; that he would make up his mind to do a thing and usually did it. Attorney Speich who had been consulted by deceased on various occasions since 1942 and until the will was executed, called by contestants, testified that in 1949 he was not as keen as he had been but that he was competent.

Susceptibility to undue influence has not been established by the degree of proof required.

Contestants contend that the court erred in not permitting Attorney Speich to testify to a conversation had with the deceased in the presence of the son, Milburn; that the privilege was waived because of the presence of the son. They did not disclose the nature, purpose, or effect of the conversation. In the absence of such disclosure we are unable to determine that the refusal was prejudicial to them. *Langer v. Chicago,*

*M., St. P. & P. R. Co.* (1936), 220 Wis. 571, 265 N. W. 851.

They contend, also, that the court erroneously excluded testimony of Harold Dobson offered with respect to a lease under which he operated his father's farm. Assuming that the ruling was erroneous, which we do not, we cannot say that the error resulted in prejudice to their rights.

*By the Court.*—Judgment affirmed.